ROBERT ROBSON v. CHARLES W. TAIT AND OTHERS, EX'ORS.

Under a power of attorney to sell lands, and to pay debts, and to do all and singular such acts as his principal could do and perform in person, an attorney in fact cannot maintain an action, in his own name, to disembarrass the title of his principal of clouds or incumbrances which may have supervened to impair their value or prevent their sale.

Error from Colorado. The plaintiff alleged a power of attorney from John Low to sell lands, and to pay debts, and to do all and singular such acts as his principal could do and perform in person; that he had conveyed certain lands under the power to John F. Miller, deceased, the testator of defendants, by a deed executed in his own name, with a warranty of title; that the said Miller for a valuable consideration had re-conveyed the same lands to his principal and that the deed was not on record and had been lost; that the absence of the said deed and any record thereof has already thrown a cloud upon the

title of the said Low, and has prevented and will continue to prevent the sale of all or any of the property reconveyed in said deed; that he is informed and believes that he is personally responsible on the warranty of title contained in the deed from him to the said Miller; and prayed that the defendants, executors of the said Miller, may be ordered to make to the said Low a reconveyance of the said lands conveyed by him to the said Miller. The defendants demurred to the petition on the ground that it showed no right in the plaintiff, in any capacity whatever, to maintain this action against the defendants. The demurrer was sustained and the petition dismissed, and this the plaintiff assigned as error.

*J. H. Robson*, for plaintiff in error.

*G. W. Smith*, for defendants in error.

WHEELER, J. There are many cases in which an agent, or attorney in fact, may maintain an action in his own name, on contracts made by him on behalf of his principal; as where the contract is made in writing expressly with the agent, and imports to be a contract personally with him, although he may be known to act as an agent; and generally, where the agent has acquired personal rights, he may maintain an action upon the contract in his own name, whether in the particular case, the principal is or is not entitled to the same right. (Story on Agency, Sec. 393, 404.) The present is not such a case. The suit is not brought to enforce any right of the attorney. It is not averred that he had any agency in procuring the alleged reconveyance to his principal. For aught that appears, the principal himself procured the reconveyance. He may have superceded the plaintiff's agency and taken upon himself the management of his affairs. It is not perceived, from what is averred in the petition, that any right personal to the plaintiff, is affected by the existence or non-existence of the

deed in question; or that he can have any right to maintain an action in his own name to supply the loss of it.

The right of the plaintiff to maintain this action in his own name, cannot be supported as an incident to the power to sell lands and settle debts conferred by the letter of attorney. It will scarcely be contended that a power to sell lands, will authorize the agent to maintain, in his own name, an action of trespass to try title, to recover the possession of them. No more can such a power authorize the agent to maintain, in his own name, an action to disembarrass the title of his principal of clouds or incumbrances which may have supervened to impair their value, or to prevent their sale, though occasioned by the improvident act of the agent himself. If he has improvidently, but voluntarily done acts, which may embarrass the title of his principal, that cannot give him a right of action, against a party who has done him no wrong, for the purpose of obtaining protection or indemnity against the consequences of those acts.

We are of opinion that the Court did not err in sustaining the demurrer; and that the judgment be affirmed.

Judgment affirmed.